# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS CUMBY,**

           **Plaintiff,**

**-vs-**                                       **Case No.  6:06-cv-1450-Orl-19GJK**

**DENNY'S, INC.,**

           **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** **AMENDED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 49)**
>
> **FILED:** **April 18, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

> **MOTION:** **JOINT STIPULATION FOR FINAL ORDER OF DISMISSAL WITH PREJUDICE(Doc. No. 48)**
>
> **FILED:** **April 10, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 47)**
>
> **FILED:** April 10, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

Plaintiff and Defendant jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"). Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

-2-

>  (3) the stage of the proceedings and the amount of discovery completed;
>  (4) the probability of plaintiff's success on the merits;
>  (5) the range of possible recovery; and
>  (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc.*, and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The parties agreed to settle Plaintiff's claim for a total sum of $20,670.27. Doc. No. 49-2. Plaintiff will receive $6,126.79, representing back wages, and $6,126.79, representing the recovery of sums other than back wages. *Id.* Plaintiff's counsel will receive $8,416.69 in attorney's fees and costs. *Id.* The Court finds the proposed settlement in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

The parties also filed a Joint Stipulation for Final Order of Dismissal With Prejudice ("Joint Stipulation"). Doc. No. 48. The Joint Stipulation states that this Court "shall retain jurisdiction, as necessary, to enforce the Settlement Agreement and General Release entered into by the parties." *Id.* The settlement agreement also contains a provision that the agreement "shall be governed and conformed in

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

accordance with the laws of the State of Florida without regard to its conflict of laws provision." Doc. 49-2 at ¶ 8. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court will not retain jurisdiction to enforce the settlement agreement.

**IT IS RECOMMENDED THAT**:

1. The Court grant the Amended Joint Motion to Approve Settlement Agreement (Doc. No. 49) only to the extent that it is a fair and reasonable resolution of a bona fide dispute;

2. The Court dismiss the case with prejudice, not retain jurisdiction, and direct the Clerk to close the case (Doc. No. 48); and

3. The Court deny the originally filed Joint Motion to Approve Settlement Agreement (Doc. No. 47) as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 30, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett